IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, § § § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. 4:22-CV-00677-AGD |
| § | |
| DANIEL S. GRIFFIN, ET AL., § § § | |
| Defendants. § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is Plaintiff Old Republic National Title Insurance Company, Individually and as Subrogee to Larry Carlton Jordan and Jean Jordan's ("Old Republic") Motion for Summary Judgment (Dkt. #74). Having reviewed the Motion (Dkt. #74), Defendant Kim Holland's ("Holland") Response (Dkt. #79), Old Republic's Reply (Dkt. #84), and all other relevant filings, the court finds that Old Republic's Motion should be denied.

**BACKGROUND**

*Factual History*

In 2012, Holland owned real property located at 1532 Chesapeake Drive, Plano, Texas 75093 (the "Property") (Dkt. #74 at p. 4). On December 14, 2012, Holland executed a Deed of Trust in favor of WR Starkey Mortgage, LLP ("Starkey") that secured payment of a promissory note of $277,000.00, (the "Starkey Loan") which was recorded in the Official Public Records of Collin County, Texas (the "Starkey DOT") (Dkt. #74 at pp. 4–5). The Starkey DOT underwent numerous assignments and was ultimately assigned to U.S. Bank Trust N.A. ("U.S. Bank") (Dkt. #74 at p. 5). On June 18, 2019, Holland executed a Deed of Trust to Daniel and Michelle Griffin (the "Griffins") in the principal amount of $110,000.00, which was recorded in the Official Public

Records of Collin County, Texas on July 10, 2019 (the "Griffin DOT") (Dkt. #74 at p. 5). The Griffin DOT contained the following language:

> Prior Lien: Deed of Trust dated December 12, 2012, executed by Kim A. Holland, a single woman to Allan B. Polunsky, Trustee, recorded as Instrument #20121220001621950 of the Official Public Records of Collin County, Texas, securing payment of one note of even date therewith in the original principal sum of $277,000.00, bearing interest and payable to the order of WR Starkey Mortgage, L.P., and all terms, conditions and stipulations contained therein, including any additional indebtedness also secured thereby.

(Dkt. #74 at p. 5; Exhibit F at p. 1).

On October 1, 2019, Holland conveyed the Property to the Griffins by general warranty deed, which was recorded in the Official Public Records of Collin County, Texas on December 6, 2019 (the "Griffin Deed") (Dkt. #74 at pp. 5–6).

On August 3, 2020, the Griffins conveyed the Property to Larry Carlton Jordan and Jean Jordan (the "Jordans") by general warranty deed, recorded in the Official Public Records of Collin County, Texas on August 5, 2020 (the "Jordan Deed") (Dkt. #74 at p. 6). The Griffins also executed an Affidavit of Debts and Liens, in which the Griffins averred "[t]hat there are no loans of any kind on such property[.]" (Dkt. #74 at pp. 6–7; Exhibit K). Old Republic subsequently issued an owner's policy of title insurance to the Jordans (Dkt. #74 at p. 7).

It appears that around August 2020, Holland stopped making payments on the Starkey Loan, and on January 19, 2021, Holland received a Notice of Default (Dkt. #74 at p. 7; Exhibit L). In July 2022, the Jordans received a notice that Defendant Rushmore Loan Management Services, LLC ("Rushmore") was the servicer for U.S. Bank in relation to the Starkey DOT and intended to sell the Property at a nonjudicial foreclosure sale on August 2, 2022 (Dkt. #74 at p. 7; Exhibit M).

*Procedural History*

On July 28, 2022, the Jordans filed a Petition against Defendants the Griffins, Holland, Rushmore, and U.S. Bank in the 416th District Court in Collin County, Texas (Dkt. #3). The Jordans sought to remove the cloud on the Property and injunctive relief to prevent foreclosure, as well as brought causes of action for breach of warranty of title and statutory fraud (Dkt. #3). On August 4, 2022, Defendants filed a Notice of Removal in the Eastern District of Texas, Sherman Division (Dkt. #1). On June 30, 2023, Old Republic, on behalf of the Jordans, and U.S. Bank, through its loan servicer, Rushmore, entered into a settlement; Old Republic paid the full amount of $306,666.80 to prevent a foreclosure on the Starkey DOT on the Property (Dkt. #74 at p. 7; Exhibit O). On August 8, 2023, the Jordans, Rushmore, and U.S. Bank stipulated to the dismissal of the Jordans' claims against them (Dkt. #60). As such, on August 16, 2023, Defendants Rushmore and U.S. Bank were terminated (Dkt. #61).

On November 17, 2023, the Jordans filed a Motion for Substitution of Party (Dkt. #70). Therein, the Jordans requested that Old Republic be substituted as Plaintiff for the Jordans because Old Republic issued a Residential Owner's Policy of Title Insurance to the Jordans when the Jordans purchased the Property in August 2020 (Dkt. #70 at p. 2). On January 29, 2024, the court granted the Motion to Substitute (Dkt. #71). On June 24, 2024, Old Republic filed a Motion for Summary Judgment (Dkt. #74), which is presently before the court. On August 26, 2024, Holland filed a Response (Dkt. #79). On September 10, 2024, Old Republic filed a Reply (Dkt. #84). On November 13, 2024, Old Republic and the Griffins stipulated to the dismissal of Old Republic's

claims against them, and the Griffins were terminated the same day. Accordingly, Holland is the only remaining defendant.[1]

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses to help "secure the just, speedy and inexpensive determination of every action." *Nat'l Cas. Co. v. Kiva Const. & Eng'g, Inc.*, 496 Fed. App'x 446, 449 (5th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Certain Underwriters at Lloyd's, London v. Axon Pressure Prod. Inc.*, 951 F.3d 248, 255 (5th Cir. 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). All inferences must be construed in the light most favorable to the nonmoving party. *See id.*; *Osprey Ship Mgmt. Inc. v. Foster*, 387 Fed. App'x 425, 429 (5th Cir. 2010). "[T]he substantive law will identify which facts are material. This means [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Gibson v. Collier*, 920 F.3d 212, 219 (5th Cir.), *cert. denied*, 140 S. Ct. 653 (2019) (citing *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019)) (internal quotations omitted).

The party moving for summary judgment has the burden of showing that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.

---

[1] In its Motion, Old Republic seeks summary judgment as to its claims against Holland and the Griffins (Dkt. #74). However, because the Griffins were terminated as Defendants on November 13, 2024, (Dkt. #87), the court only addresses the Motion as it pertains to Holland.

4

*Cotroneo v. Shaw Env't & Infrastructure, Inc.*, 639 F.3d 186, 191 (5th Cir. 2011). "[W]here the movant bears the burden of proof at trial, the movant 'must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor.'" *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020) (citation omitted). However, if the movant does not bear the burden of proof at trial, the movant is entitled to summary judgment if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Gonzales v. ConocoPhillips Co.*, 806 Fed. App'x 289, 291 (5th Cir. 2020) (citing *Celotex*, 477 U.S. at 323). Once the movant has carried its burden, the nonmovant "must go beyond the pleadings and identify specific evidence in the record showing that there is a genuine issue for trial." *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 307 (5th Cir. 2020). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Malbrough v. Stelly*, 814 Fed. App'x 798, 802 (5th Cir. 2020) (citing *Anderson*, 477 U.S. at 249–50).

## SUMMARY JUDGMENT EVIDENCE

Old Republic submits the following evidence in support of its Motion (Dkt. #74):

- Exhibit A: Affidavit of Farida Rampersaud;
- Exhibit B: Declaration of Jeremy T. Brown;
- Exhibit C: Warranty Deed with Vendor's Lien, Gastineaus to Holland;
- Exhibit D: Deed of Trust to WR Starkey Mortgage LLP and the Holland Note;
- Exhibit E-1: Assignment of Starkey Deed of Trust to JP Morgan Chase Bank, N.A.;
- Exhibit E-2: Assignment of Starkey Deed of Trust NewRez LLC;
- Exhibit E-3: Assignment Deed of Trust to U.S. Bank Trust N.A.;
- Exhibit F: Deed of Trust (Subordinate Lien) Holland to Griffins;
- Exhibit G: General Warranty Deed from Holland to Griffins;
- Exhibit H: Holland's Starkey Loan Payments;
- Exhibit I: Settlement Statement;
- Exhibit J: General Warranty Deed with Third Party Vendor's Lien from the Griffins to the Jordans;
- Exhibit K: Affidavit of Debts & Liens executed by the Griffins;
- Exhibit L: Notice of Default of the Starkey Loan;
- Exhibit M: July 11, 2022 Letter re: Notice of Foreclosure Sale;

- Exhibit N: Starkey Loan Payoff Statement;
- Exhibit O: Settlement Agreement;
- Exhibit P: Attorneys' Fee Invoices;
- Exhibit Q: Declaration of Jean Jordan;
- Exhibit Q-1: Jordans' Purchase Contract for the Property;
- Exhibit Q-2: Jordan Title Commitment;
- Exhibit Q-3: Jordan Title Insurance Policy; and
- Exhibit R: Declaration of Larry Carlton Jordan.

Holland submits the following evidence in her Response (Dkt. #79):

- Exhibit A: Deed of Trust to WR Starkey Mortgage LLP;
- Exhibit B: Deed of Trust to Daniel and Michelle Griffin;
- Exhibit C: General Warranty Deed from Holland to the Griffins; and
- Exhibit D: General Warranty Deed from the Griffins to the Jordans.

## ANALYSIS

Here, the court finds Holland did not warrant against encumbrances as to the Jordans. Accordingly, the court finds that Old Republic's Motion for Summary Judgment (Dkt. #74) should be denied.

Old Republic argues that "Holland breached the warranty of title at the time she conveyed the Property to the Griffins because the Starkey DOT remained a valid lien that encumbered the Property. Although Holland warranted title to the Griffins, that warranty was conveyed to the Jordans when the Griffins conveyed title to the Jordans because a warranty of title runs with the land." (Dkt. #74 at p. 9). In response, Holland argues that she "is not subject to Plaintiff's breach of warranty title claim because Holland is a stranger to the transaction between the Griffins and the Jordans." (Dkt. #79 at p. 4).

At the outset, the court notes that the Parties do not appear to dispute the fact that the Griffins transferred the Property to the Jordans via a general warranty deed (*see* Dkt. #74, Exhibit J). In Texas, "[g]eneral warranty deeds expressly bind grantors . . . to defend against title defects created by the grantors or any prior titleholder." *U.S. v. Lacy*, 234 F.R.D. 140, 146 (S.D. Tex.

6

2005) (citing *Munawar v. Cadle Co.*, 2 S.W.3d 12, 16 (Tex. App.—Corpus Christi 1999)). This is because "[t]he covenant against incumbrances is embraced within the general warranty clause, and it is the legal duty of the grantor to pay off and discharge all liens and incumbrances incurred prior to the conveyance which are not assumed by the warrantee." *City of Beaumont v. Moore*, 146 Tex. 46, 53–54 (1947) (citations omitted). By contrast, "[a] special warranty deed . . . limits this warranty; the grantor warrants to defend title only against the claims and demands of the grantor and all persons claiming by, through, and under him." *Munawar*, 2 S.W.3d 12 at 16. Thus, here, because the Griffins transferred the Property to the Jordans by general warranty deed, the Griffins were bound to "defend against title defects" created by the Griffins or "any prior titleholder[,]" i.e., Holland. *Lacy*, 234 F.R.D. at 146. No Party argues that the Griffins transferred the Property to the Jordans by special warranty deed. As such, the evidence does not demonstrate that Holland warranted against encumbrances as to the Jordans.

Even so, Old Republic argues that Holland breached the warranty of title because such warranty runs with the land (Dkt. #74 at p. 9). While Old Republic is correct that a warranty of title runs with the land, the warranty only endures until breach, or "an actual or constructive eviction of the grantee by an individual with superior title." *Chicago Title Ins. Co. v. Cochran Invs., Inc.*, 602 S.W.3d 895, 902 (Tex. 2020); *Peters v. Bowman*, 98 U.S. 56, 59 (1878) (The covenant of warranty runs with the land until breach, when "it becomes a chose in action"). While the court in *Shannon v. Childers* determined that it need not reach the question of whether the warranty ran with the land, it explained:

> The broadest and most effective of the covenants contained in American deeds, and the only one in general use in this state, is that of warranty. This covenant is in futuro, and runs with the estate in respect to which it is made, into the hands of whoever becomes the owner of such estate. *Id.* §§ 2386 and 2393; *Flaniken v. Neal*, 67 Tex. 629, 4 S.W. 212. The authorities say that, if once broken by eviction, the covenant of warranty stands upon the same ground as those covenants which are

broken as soon as made; that it then ceases to run with the land, and the action for the breach of the covenant can be maintained only by the owner of the land and assignee of the covenant at the time it is broken.

202 S.W. 1030, 1031 (Tex. Civ. App. 1918), *writ refused* (Feb. 12, 1919). Here, in July 2022, the Jordans received notice that Rushmore intended to sell the Property at a nonjudicial foreclosure sale (Dkt. #74 at p. 7; Exhibit M). As such, at that time, an action for any purported breach of warranty of title was properly maintained between the Jordans and the Griffins. *Id.* Accordingly, because Holland did not warrant against encumbrances as to the Jordans, the court finds that Old Republic's Motion for Summary Judgment (Dkt. #74) should be denied.[2]

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Old Republic National Title Insurance Company, Individually and as Subrogee to Larry Carlton Jordan and Jean Jordan's Motion for Summary Judgment (Dkt. #74) is **DENIED**.

It is further **ORDERED** that Plaintiff Old Republic National Title Insurance Company, Individually and as Subrogee to Larry Carlton Jordan and Jean Jordan and Defendant Kim Holland shall file any necessary papers for the closing of this case *within ten (10) days* of receipt of this Order.

**IT IS SO ORDERED.**

**SIGNED this 18th day of March, 2025.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE

---

[2] Because the court finds that Holland did not breach the warranty of title, the court also finds that Old Republic is not entitled to recover attorney's fees.